SUMMONS IN A CIVIL ACTION COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV07623376 | D2 CM | 10150737 |

Rule 4 (B) Ohio

Rules of Civil Procedure

TAHERA HASAN
VS
TOWER CITY CENTER ET AL

PLAINTIFF

DEFENDANT

## SUMMONS

TOWER CITY MANAGEMENT CO
230 WEST HURON ROAD
CLEVELAND OH 44113-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plantiff's Attorney

JOHN E DUDA
LAPLACE, 2ND FLOOR

2101 RICHMOND ROAD
BEACHWOOD, OH 44122-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

KENNETH R CALLAHAN
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

By _____
Deputy

| DATE |
|---|
| May 8, 2007 |

COMPLAINT FILED 05/04/2007



## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| TAHERA HASAN<br>1036 East 76 Street<br>Cleveland, Ohio 44103<br><br>      Plaintiff,<br><br>vs.<br><br>TOWER CITY CENTER<br>230 West Huron Road<br>Cleveland, Ohio 44113<br><br>and<br><br>TOWER CITY MANAGEMENT CO.<br>230 West Huron Road<br>Cleveland, Ohio 44113<br><br>and<br><br>TOWER CITY SECURITY<br>230 West Huron Road<br>Cleveland, Ohio 44113<br><br>and<br><br>DETECTIVE ELBIN NEGRON<br>Badge No. 1396<br>Address Unknown at this time<br><br>and<br><br>CARL REDDISH<br>230 West Huron Road<br>Cleveland, Ohio 44113<br><br>and | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT FOR MONEY ONLY, COMPENSATORY AND PUNITIVE DAMAGES, ATTORNEY FEES, EXPENSES AND COSTS**<br><br>*JURY TRIAL DEMANDED* |

| | |
|---|---|
| JOHN DOE NO. ONE<br>Identity and Whereabouts<br>Unknown at this time<br><br>and<br><br>JOHN DOE NO. TWO<br>Identity and Whereabouts<br>Unknown at this time<br><br>and<br><br>JOHN DOE NO. THREE<br>Identity and Whereabouts<br>Unknown at this time<br><br>and<br><br>JANE DOE<br>Identity and Whereabouts<br>Unknown at this time<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **JURISDICTION**

1. All of the events herein described occurred at Tower City on Public Square in the City of Cleveland, Cuyahoga County, Ohio.

2. All of the events herein described occurred on or about the 23rd day of December 2006 at about 6:30 p.m.

## PARTIES

3. At all times herein mentioned plaintiff was an employee of Bath and Body Works at its store at the Tower City shopping mall.

4. Plaintiff Tahera Hasan is a female of the age of nineteen (19) years.

5. Defendant Tower City Center is a shopping mall located on the southwestern quadrant of Public Square in Cleveland, Ohio.

6. Defendant Tower City Security is a private entity in existence for the policing of the Tower City mall.

7. Defendant Tower City Management Company is an entity in existence for the management of said mall.

8. All acts herein complained of are those of agents and employees of the aforesaid business entities acting in the course of their employment and scope of their duties.

9. Defendants Elbin Negron and Jane Doe are officers of the Cleveland Police Department. Defendant Negron has been assigned Badge No. 1396. At all times mentioned defendants Negron and Jane Doe acted while wearing Cleveland Police Department uniforms and badges. Said defendants Negron and Jane Doe at all times herein mentioned acted under color of law. Defendants Negron and Jane Doe acted as employees and agents of one or more of the aforesaid businesses while in the course of their employment and scope of their duties.

10. Defendant Carl Reddish is a manager of one of the aforesaid business entities.

3

11. Defendants John Doe I, II and III and Jane Doe are businesses and persons the exact identity and whereabouts of which are unknown to plaintiff who participated in, promoted and ratified the following unlawful conduct.

## UNDERLYING FACTS

12. Plaintiff finished her workday at about 5:00 p.m. on December 23, 2006 and inadvertently left Tower City mall without her purse.

13. At about 6:20 p.m. plaintiff returned to Tower City to retrieve her purse.

14. At that time and place plaintiff was stopped at the door by defendant Officer Negron and John Doe No. I, a mall security officer.

15. Plaintiff identified herself as an employee of Bath and Body Works, a mall tenant, and stated her intention to retrieve her purse.

16. Whereupon defendant Negron maliciously and unlawfully grabbed plaintiff from behind, handcuffed plaintiff, frisked her, took her into custody, threatened her with jail over the Christmas holiday, accused plaintiff of loitering, confined plaintiff in a security room, ignored plaintiff's protests, physically searched plaintiff and photographed plaintiff. Defendants Jane Doe and John Doe I, II and III confined plaintiff and searched her person against her will.

17. Further defendants maliciously and unlawfully initiated a prosecution of plaintiff for criminal trespass in Case No. OGCRB43251 in the Municipal Court of Cleveland, for which plaintiff was found not guilty by said court of law.

18. Thereafter defendants maliciously and unlawfully barred plaintiff from entry into Tower City in violation of a court order and thereby denied plaintiff access to her place of employment.

19. Defendants ratified the conduct of defendant Negron and Jane Doe through the actions of defendant Reddish who also barred plaintiff from the mall for six (6) months in violation of a court order.

## FIRST COUNT

20. The aforesaid conduct constituted interference with plaintiff's contract of hire and right to work under Ohio law.

## SECOND COUNT

21. The aforesaid conduct constitutes an assault and battery under Ohio law.

## THIRD COUNT

22. The aforesaid conduct constitutes a deprivation of equal access to a public accommodation by reason of age, sex, color, and race under Ohio law.

## FOURTH COUNT

23. The aforesaid conduct constitutes a malicious abuse of process under Ohio law.

## FIFTH COUNT

24. The aforesaid conduct constitutes a false arrest and false imprisonment under Ohio law.

## SIXTH COUNT

25. The aforesaid conduct constitutes a defamation by conduct under Ohio law.

### SEVENTH COUNT

26. The aforesaid conduct constitutes a malicious prosecution under Ohio law.

### EIGHTH COUNT

27. The aforesaid conduct constitutes ethnic intimidation contrary to Ohio law.

### NINTH COUNT

28. The aforesaid conduct constitutes an invasion of privacy under Ohio law.

### TENTH COUNT

29. Officer Negron and Jane Doe acting under color of law have deprived plaintiff of rights protected under the Constitution of the United States in violation of 42 USC §1983, to wit, among other things 1) the right to be free from restraint, 2) the right to be free from damage to reputation, 3) the right to be free from invasion of privacy, 4) the right to earn a living, 5) the right to pursue life, liberty and property, 6) the right to be free from seizure of property, 7) the right to be free from malicious prosecution, 8) the right to be free from an unlawful touching, and 9) the right to liberty.

### ELEVENTH COUNT

30. The aforesaid conduct was malicious and gives rise to a claim for punitive damages, attorney's fees, expenses of litigation and costs.

### DAMAGES

31. As a direct and proximate result of the aforesaid unlawful conduct plaintiff 1) lost her job; 2) could not attend work; 3) lost her liberty; 4) was required to defend

herself in court; 5) lost her opportunity to attend school in New York City; 6) lost money deposited to attend fashion school in New York City; 7) lost the capacity to earn income; 8) suffered extreme emotional distress requiring treatment; 9) incurred medical expenses in an unknown amount at this time, and she was damaged.

Wherefore, plaintiff prays judgment in an amount in excess of twenty-five thousand dollars ($25,000) compensatory and punitive damages, attorneys' fees, expenses of litigation and costs.

John E. Duda (0000347)
LaPlace, Suite 5
2101 Richmond Road
Beachwood, Ohio 44122
(216) 593-7500
Fax: (216) 591-9536
Attorney for Plaintiff

Joseph Marcoguiseppe (0011110)
5000 Rockside Road, Suite 420
Independence, Ohio 44131
(216) 447-0300
Fax: (216) 803-2269
Attorney for Plaintiff

7